IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CHETANAND KUMAR SEWRAZ,

Plaintiff,

v.                                                                  Civil Action No. **3:10CV23**

DANIEL SCOTT BAILEY, *et al.*,

Defendants.

## MEMORANDUM OPINION

Plaintiff's complaint is 50 pages long, and contains 45 different "Counts." Although Plaintiff apparently intends to sue numerous individuals and entities, he does not concisely identify the defendants. Rather, at the beginning of his Complaint, Plaintiff provides the following description of the entities or individuals he intends to name as defendants: "Known and unknown agents, officers, supervisors and employees of the following entities as identified in the applicable counts of this complaint: . . . ." (Compl. 3.) Thereafter, Plaintiff lists a series of local, state, and governmental entities. Plaintiff also provides a list of three named individuals he wishes to sue as defendants. Scattered in the body of the lengthy complaint, Plaintiff then mentions a host of individuals and entities that he labels as defendants. By Memorandum Order entered on February 28, 2011, the Court directed Plaintiff, within fourteen (14) days from the date of entry thereof, to provide the Court with a concise list of the names of the individuals and entities he intends to sue as defendants and identify with respect to which Counts that individual or entity is a defendant. The Court warned Plaintiff that the failure to comply with this requirement will result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b).[1]

---

[1] In the February 28, 2011 Memorandum Order, the Court also directed Plaintiff to show cause why his claims under the Federal Tort Claims Act should not be dismissed for failure to

More than thirty days have elapsed since the entry of the February 28, 2011 Memorandum Order and Plaintiff has not responded or otherwise sought to clarify his claims against the defendants. *See Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. Plaintiff's motion to expedite (Docket No. 14) will be DENIED AS MOOT. Should Plaintiff choose to refile the present action, the new complaint must comply with the directives of the February 28, 2011 Memorandum Order.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4-11-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

comply with 28 U.S.C. § 2401(b). *See* 28 U.S.C. § 2401(b) (providing that a tort claim against the United States will be "barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented").